## Lemke v. Lemke

*Charles E. Friedman,* for plaintiff.
*Richard W. Stewart,* for defendant.

SHUGHART, P. J., July 9, 1975.—The complaint in the above-captioned action in divorce avers that plaintiff resides in Mechanicsburg, Cumberland County, and defendant lives at R. D. # 3, Dillsburg, York County, Pennsylvania. The complaint was filed February 20, 1975. The Sheriff of York County, being deputized by the Cumberland County Sheriff, filed a return of "not found" dated April 9, 1975. On April 5, 1975, the attorney for plaintiff sent a copy of the complaint by certified mail, addressee only, to defendant. A registered mail receipt attached to the attorney's affidavit of service indicates that the copy of the complaint was received by defendant on April 5, 1975.

Pennsylvania Rule of Civil Procedure 1124 provides in subsection (a) for service: (1) by the sheriff in any county of the Commonwealth; (2) by the constables where authorized by rule of court (no such rule has been adopted in this county), and (3) by plaintiff outside the Commonwealth through an attorney or by registered mail. Subsection (b) provides:

"If service cannot be made under Subdivision (a)(1) or (a)(2) of this rule and has not been made under Subdivision (a)(3) of this rule, and the sheriff . . . has

made a return or affidavit of 'Not Found', and if the plaintiff has made a good faith investigation to ascertain the present residence and whereabouts of the defendant, the plaintiff, without reinstatement of the complaint, shall have the right of service by (1) . . . registered mail to the defendant's last known address."

While at first blush this would seem to authorize the service of a complaint upon a resident of Pennsylvania in the same manner that a nonresident is served under (a)(3)(b), such is not the case. It is apparent in this case that defendant's whereabouts were at all times known and there is no excuse for the failure to have service made personally as provided by subsection (a)(1) of the rule. The provisions under subsection (b) were adopted to provide for some means of obtaining jurisdiction of a defendant where the whereabouts of defendant could not be ascertained. The type of service attempted here would not be valid to confer jurisdiction over the person in a suit involving any form of action under civil practice in Pennsylvania, and certainly cannot be employed to confer jurisdiction in an action in divorce, where the rules for service of process are more strict in that they require service on defendant personally. See Pa. R.C.P. 1009 and Pa. R.C.P. 1124.

We conclude that the attempted service of process does not confer jurisdiction over defendant and all proceedings following the filing of the complaint must be set aside.

### ORDER

And now, July 9, 1975, for the reasons set forth above, all proceedings in the above case following the filing of the complaint are set aside and plaintiff is given 60 days from this date to obtain jurisdiction over defendant. Unless such jurisdiction is obtained within 60 days from this date, the complaint in divorce is deemed dismissed at the cost of plaintiff, without further order of court.